IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| MARCUS GILBERT, | ) |
| | ) Case No. 1:21-cv-248 |
| Petitioner | ) |
| | ) |
| v. | ) RICHARD A. LANZILLO |
| | ) Chief United States Magistrate Judge |
| N.E. REGIONAL COUNSEL, | ) |
| | ) |
| Respondent | ) MEMORANDUM OPINION |
| | ) |

I. Introduction

Pending before the Court is the petition for a writ of habeas corpus filed by Petitioner Marcus Gilbert pursuant to 28 U.S.C. § 2241. ECF No. 4. For the reasons set forth below, Gilbert's petition will be denied.

II. Background

On September 13, 2018, the United States District Court for the Eastern District of Michigan sentenced Petitioner to a term of 103 months incarceration. ECF No. 10-2. Petitioner is currently incarcerated at the Federal Correctional Institution (FCI) at McKean. ECF No. 10-3. Assuming he receives all Good Credit Time available to him, Petitioner's projected release date is June 30, 2026. ECF No. 10-2.

On October 22, 2020, an officer in the Special Housing Unit (SHU) at FCI McKean observed Petitioner fighting with his cellmate, Ronnie Smith. *Id.* According to the officer, Petitioner and Smith were exchanging "closed fist strikes to the upper torso and facial region." ECF No. 10-3. The officer gave multiple orders for both inmates to stop fighting and submit to

1

hand restraints but both inmates refused. *Id.* The officer then deployed a brief burst of pepper spray and waited for sufficient staff to arrive to escort both inmates to decontamination. *Id.*

The following day, Petitioner received Incident Report No. 3444156 charging him with "Fighting with Another" and "Refusing a Direct Order." *Id.* A security officer advised Petitioner of his right to remain silent and Petitioner affirmed that he understood his rights. *Id.* Petitioner stated: "we weren't fighting, we were playing, I wasn't even close to him." *Id.* The matter was then referred to a Discipline Hearing Officer (DHO) for further review and adjudication. *Id.* After being advised of his rights at the upcoming DHO hearing, Petitioner signed a form acknowledging that he understood his rights. *Id.* Petitioner waived his right to a staff representative but requested the presence of three witnesses at his hearing. *Id.*

Petitioner's disciplinary hearing before the DHO took place on October 27, 2020. ECF No. 10-3. Petitioner again confirmed that he had received a copy of the incident report, understood his rights, and did not want the assistance of a staff representative. *Id.* Speaking on his own behalf, Petitioner stated: "We weren't fighting, we were playing Jeopardy. He was by the window and I was by the door." *Id.* Petitioner's cellmate, Smith, likewise testified that he and Petitioner "were playing Jeopardy." *Id.* The remaining two witnesses, each of whom was housed across from Petitioner's cell, testified that they "didn't see anything." *Id.* In addition to the foregoing testimony, the DHO reviewed Petitioner's statement, the officer's eyewitness account, the incident report, and the medical assessment of each inmate. Based on the foregoing, the DHO concluded that the greater weight of evidence supported the conclusion that Petitioner had committed the act as charged. *Id.* After determining that Petitioner had committed the charged offense, the DHO sanctioned him with 30 days of disciplinary segregation, the

disallowance of 27 days of Good Conduct Time, and a loss of commissary privileges for six months. *Id.*

The instant petition for writ of habeas corpus,[1] filed pursuant to 28 U.S.C. § 2241, challenges the outcome of the disciplinary process. Petitioner asserts that "the incident report in this matter was trumped-up by rogue staff" and that "there was no inmate on inmate fight." ECF No. 4 at 5. This matter is fully briefed and ripe for disposition.

III.   Standard of review

Federal prisoners have a liberty interest in statutory good time credits. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *see also* 18 U.S.C. § 3624(b)(1). While "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply," the United States Supreme Court has identified the following minimum procedural due process rights that must be afforded to a prisoner accused of misconduct in prison which may result in the loss of good time credit: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and, (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. *Wolff*, 418 U.S. at 563-67.

---

[1] Under § 2241, district courts have authority to grant habeas corpus "within their respective jurisdictions." Petitioner is confined at FCI McKean, which is located within the territorial boundaries of the Western District of Pennsylvania.

In reviewing a disciplinary proceeding, the Court's function is not to decide whether it would have reached the same decision, but to consider "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-57 (1985). *See also Denny v. Schultz*, 708 F.3d 140, 145 (3d Cir. 2013) ("[A] reviewing court need only find that the DHO's decision had 'some basis in fact' in order to affirm the decision as comporting with the Due Process Clause."). This review is minimal, and "[a] challenge to the weight accorded evidence is not relevant to the question of whether the decision was supported by 'some evidence' because the standard does not require 'weighing of the evidence.'" *McCarthy v. Warden Lewisburg USP*, 631 Fed. Appx. 84, 86–87 (3d Cir. 2015) (quoting *Hill*, 472 U.S. at 455). Rather, "[o]nce the reviewing court determines that there is some evidence in the record to support the finding of the hearing officer, an inmate's challenge to the weighing of the evidence must be rejected." *Cardona v. Lewisburg*, 551 Fed. Appx. 633, 637 (3d Cir. 2014).

IV.   Discussion

Petitioner challenges the DHO's decision on the sole basis that the incident was "trumped up" and that there was "no physical altercation." ECF No. 4 at 5. Petitioner does not dispute that his disciplinary hearing satisfied the minimum due process safeguards outlined in *Wolff*, but he maintains that the DHO lacked "some evidence" to support his decision.[2] Although he does not articulate his claim in detail, Petitioner appears to be accusing the DHO of failing to credit his testimony and that of his witnesses over the testimony of the reporting officer. *Id.* Petitioner

---

[2] Petitioner also alleges that the Northeast Regional Counsel failed to respond to his appeal of the DHO's decision within the timeframe required by BOP regulations. ECF No. 4 at 3. Because Respondent is not asserting an exhaustion defense, this argument need not be addressed.

4

also avers that "several inmates within hearing range can attest to there being no physical altercation" and that the "medical report clearly points towards there was 'no' altercation with myself and my celly." *Id.*

As noted above, the Court's sole function is to consider "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-57. In the instant case, the evidence considered by the DHO included the reporting officer's eyewitness report, Petitioner's statement, the statements of two other inmates, the pertinent medical assessments, and a supporting memorandum. The DHO rejected the testimony of the two inmates in adjacent cells because "they were celled . . . approximately 25 feet away from the cell [Petitioner and Smith] were housing in at the time of the incident" and "could not possibly witness anything because they did not have a view of the inside of [the] cell." ECF No. 10-3 at 2. The DHO also ascribed "little weight" to Petitioner and Smith's denials because it was in their "best interest to deny the charge because of the disciplinary action" they were facing. *Id.* at 4. Finally, the DHO noted that the reporting officer "provided an eyewitness account of [Petitioner] exchanging closed fist blows to the head and upper torso of [his] cellmate." *Id.* at 3. Based upon the foregoing, the Court finds that "some evidence" plainly supported the charge and, therefore, Petitioner's due process rights were not violated by the DHO's determination. *See Donahue v. Grondolsky*, 398 Fed. Appx. 767, 772 (3d Cir. 2010) (noting that courts are not "required to re-weigh the evidence, or re-assess the credibility of [a petitioner's] defense"); *Sepulveda v. Warden Canaan USP*, 645 Fed. Appx. 115, 118 (3d Cir. 2016) (reviewing court may not independently assess the credibility of witnesses or re-weigh the evidence so long as the DHO's decision is supported by "any evidence in the record") (quoting *Hill*, 472 U.S. at 454-56).

V.     Conclusion

For the foregoing reason, Petitioner's petition for a writ of habeas corpus is denied.[3] An appropriate order follows.

*signature*

RICHARD A. LANZILLO
Chief United States Magistrate Judge

Dated: June 29, 2023

---

[3] Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement," the Court need not make a certificate of appealability determination in this matter. *Williams v. McKean*, 2019 WL 1118057, at *5 n. 6 (W.D. Pa. Mar. 11, 2019) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012)); 28 U.S.C. § 2253(c)(1)(B).

6